IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PRUCO LIFE INSURANCE CO.,

    Plaintiff,                           No. CIV S-02-2534 WBS EFB

    vs.

MOHAMMAD H. AKHONDI, and
JOHN DOES ONE AND TWO,

    Defendants.                     <u>FINDINGS & RECOMMENDATIONS</u>
_____/

    Plaintiffs' motion for entry of default judgment against defendant Mohammed H. Akhondi came on for hearing on February 28, 2007. Dennis J. Rhodes appeared counsel for plaintiff; defendant made no appearance. Upon review of the motion and the supporting documents, the court issues the following findings and recommendations.

I. <u>BACKGROUND</u>

    This case is proceeding upon the amended complaint filed by plaintiff on February 10, 2003. Plaintiff seeks a judgment rescinding the life insurance policy issued to defendant Akhondi (Policy No. L4-006-183) on grounds of fraud, misrepresentation and/or concealment of material facts.

    Jurisdiction is appropriate under 28 U.S.C. § 1332(a)(1) and (2). Plaintiff, Pruco Life Insurance Company ("Pruco"), is a corporation organized under the laws of the State of Arizona

1

1  and maintains its principal place of business in New Jersey. *See* First Amended Complaint
2  ("FAC"), at ¶ 1. Defendant Mohammad H. Akhondi, at the time of his application for a Pruco
3  life insurance policy, represented his state of residence as California. *Id.*, at ¶ 2. The matter in
4  controversy exceeds $75,000. *Id.,* at ¶ 4.

5  On November 14, 2000, defendant Akhondi applied to Pruco for a term life insurance
6  policy on his own life in the amount of $250,000, and later sought an increase of the face amount
7  to $1,000,000. *Id.*, at ¶ 6. Pruco issued defendant a policy in the amount of $1,000,000 on
8  November 23, 2000. *Id.*, at ¶ 7. The issuance of the policy was based on the information
9  supplied by a person who identified himself as Akhondi, and who signed a certification
10 statement verifying his identity. *Id.*, at ¶ 9. Pruco also based its issuance of the policy on
11 medical examinations and laboratory tests performed on a person identifying himself as
12 Akhondi, who also signed statements verifying his identity. *Id.*, at ¶ 10. Pruco later discovered
13 that the person or persons who completed the application and submitted to medical examinations
14 and tests was not Akhondi. *Id.*, at ¶¶ 11, 16. Pruco then sent a letter to Akhondi informing him
15 of its intention to rescind the policy based on these material misrepresentations, and enclosed a
16 check made payable to Akhondi in an amount totaling the premiums he had paid to Pruco. *Id.*, at
17 ¶ 16.

18 Accordingly, Pruco filed the present action seeking rescission of the insurance contract.
19 On August 1, 2003, the district judge granted Pruco's application for an order directing service
20 of the summons by publication. Defendant was served with the summons by publication on
21 March 26, 2004, April 2, 2004, April 9, 2004, and April 16, 2004. *See* Declaration of Dennis J.
22 Rhodes in Support of Plaintiff's Motion for Default Judgment Against Defendant Mohammad H.
23 Akhondi ("Rhodes Decl."), at ¶ 4. Defendant failed to respond to Pruco's First Amended
24 Complaint, and the Clerk entered default on July 15, 2005.
25 ////
26 ////

## II. DISCUSSION

As a preliminary matter, the First Amended Complaint names two doe defendants. Pursuant to Fed. R. Civ. P. 54(b), the court may enter default judgment as to defendant Akhondi only. *See* Fed. R. Civ. P. 54(b) (court may direct entry of final judgment as to one or more but fewer than all parties). Here, the appropriate procedure is to enter default judgment against defendant Akhondi, dismiss the two doe defendants without prejudice, and close the case.

A default judgment may be entered against the defendant only if the defendant has been made party to the action by service of process. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969); *see also Direct Mail Specialists Inc. v Eclat Computerized Tech.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed. R. Civ. P. 4."). Pursuant to Rule 4(m), if a defendant is not served within 120 days of filing the complaint, the court may dismiss the complaint without prejudice as to that defendant. Here, the complaint was filed on November 22, 2002, and to date, the doe defendants have neither been identified nor served. Accordingly, the court recommends that the doe defendants be dismissed without prejudice.

The court now turns to the appropriateness of entry of default judgment against defendant Akhondi pursuant to Fed. R. Civ. P. 55(b)(2).

### A.   Standard

Pursuant to Federal Rule of Civil Procedure 55(a), the court clerk is required to enter default when the fact of default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). In this case, default was established by plaintiff and entered by the Clerk on July 15, 2005. Now before the court is plaintiffs' application for entry of default judgment against the named defendant, Akhondi, pursuant to Fed. R. Civ. P. 55(b)(2). It is within the sound discretion of the district court to grant or deny a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

////

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

B.  Analysis

The first *Eitel* factor weighs in plaintiff's favor. Plaintiff would be prejudiced if default judgment were not granted because it would be denied the right to judicial resolution of the claims presented. Further, if defendant never files a responsive pleading, the case will never be at issue, and plaintiff would be denied a judicial determination about its decision to rescind the policy.

The second and third factors also weigh in plaintiff's favor. As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to the damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).

Here, the facts as plead by plaintiff establish that it is entitled to rescind the contract on the basis of fraud, misrepresentation and/or concealment of material facts. Governing law permits an insurer to rescind a policy when the insured has misrepresented or concealed material information in connection with obtaining insurance. *TIG Ins. Co. of Michigan v. Homestore, Inc.*, 137 Cal.App.4th 749, 755-56 (Cal. Ct. App. 2006) (citing Cal. Ins. Code §§ 331 and 359). Plaintiff has plead that the true identity of the insured was a material fact that would have affected its decision regarding insurance coverage. That is, had it known of these misrepresentations as to defendant's identity, Pruco would not have issued the policy. FAC, at ¶¶ 12, 13. The complaint is sufficiently plead and states a claim for rescission of the insurance

////

////

4

policy based on fraud, misrepresentation and/or concealment of material facts.[1]  Thus, the second and third *Eitel* factors weigh in favor of granting the default judgment.

The fourth *Eitel* factor, the sum of money at stake, weighs in plaintiff's favor for the reason that it seeks only to rescind the policy and does not pray for monetary damages.  Having established that it is entitled to rescind the policy, plaintiff would be prejudiced if judgment was not awarded in its favor.  Plaintiff would otherwise face the risk of re-litigating its claims if anyone ever tried to collect on the policy.

With regard to the fifth factor, no genuine issue of material fact exists because the allegations in the complaint are taken as true, *TeleVideo Systems*, 826 F.2d at 917-18, and defendant has submitted nothing to contradict them.

The sixth factor also weighs in plaintiff's favor since defendant has failed to make any appearance in this case. Such failure to respond cannot be deemed "excusable neglect."

Finally, only the seventh *Eitel* factor weighs against granting the motion for default judgment.  The strong policy underlying the Federal Rules of Civil Procedure favor decisions on the merits.  *Eitel*, 782 F.2d at 1472.  Nonetheless, where a defendant fails to answer the complaint, a decision on the merits is "impractical, if not impossible."  *Elektra Ent. Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (citations omitted).  Thus, given defendant's failure to appear or respond to plaintiff in any way, this factor does not preclude an entry of default judgment.  *Id.* at 393.  Thus, on balance, the factors weigh in favor of granting plaintiff's motion for entry of default judgment.

////

---

[1] Plaintiff's fraud allegations also meet the heightened pleading standard under Fed. R. Civ. P. 9(b).  *See Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. 1989) ("A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations.").  Here, plaintiff identifies the time and nature of the alleged misrepresentations by defendant.  *See* FAC, at ¶¶ 7-12 (identifying dates of defendant's purported signature and certification of his identity on the application, as well as the dates on which an "imposter" submitted to required medical examinations and tests).

5

C. <u>Remedies</u>

Plaintiffs seek a judgment declaring that policy number L4-006-183, the subject of this action, is rescinded on the grounds of fraud, misrepresentation, and/or concealment of material facts. Plaintiff also seeks an award of costs in the amount of $366.00 for filing fees and service of the summons. *See* Rhodes Declaration, at ¶ 9.

III. <u>CONCLUSION</u>

In light of the foregoing findings, this court RECOMMENDS that:

1. Plaintiff's application for entry of default judgment against defendant Mohammad H. Akhondi be granted;

2. Plaintiff be awarded a judgment declaring that policy number L4-006-183 is rescinded on the grounds of fraud, misrepresentation, and/or concealment of material facts;

3. Plaintiff be awarded its costs in the amount of $366.00;

4. That the "doe defendants" be dismissed without prejudice; and

5. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 16, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6